IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAVIER GOMEZ, TDCJ NO. 697410, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. H-14-2727 |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Javier Gomez, a prisoner of the Ellis Unit of the Texas Department of Criminal Justice (TDCJ), has filed a Petition for a Writ of Habeas Corpus By a Person in State Custody ("Habeas Petition") (Docket Entry No. 1) challenging the outcome of a TDCJ disciplinary hearing. This action will be dismissed because it is baseless.

**I.   Procedural History and Claims**

Gomez is serving a ninety-nine year sentence in TDCJ pursuant to a 1996 conviction for aggravated robbery in the 319th State District Court of Nueces County (Docket Entry No. 1 at 2). See also Gomez v. State, No. 13-96-00108-CR, 1997 WL 33642742 (Tex. App. -- Corpus Christi, Oct. 2, 1997, no pet.); TDCJ Website, http://offender.tdcj.state.tx.us/. Gomez does not challenge his

state court judgment in this action. His Habeas Petition concerns a recent prison administrative disciplinary proceeding in which he was found guilty of violating TDCJ rules. (Docket Entry No. 1 at 2) Gomez states that he was found guilty of "threatening to inflict harm" and that he received the following punishments on January 10, 2014: a loss of 45 days of commissary privileges; a loss of 45 days of property use; a loss of 4 months of contact visitation; a demotion from State Approved Trustee Class 3 to State Approved Trustee Class 4, and reduction in classification from minimum custody to medium custody (Docket Entry No. 1 at 5).

Although Gomez denies losing any previously earned good-time credits as a result of the proceeding, he complains that he was denied due process because there was no factual proof that he actually presented a threat. Id. at 6. He alleges that the charging officer stated on tape that he did not feel threatened by Gomez's actions. Id. Gomez alleges that despite the fact that there was evidence that controverted the charge, the hearing officer found Gomez guilty without interviewing the charging officer or another officer who would have testified that she did not witness Gomez making any threats. Id. He also complains that he was held in pre-hearing segregation (PHD) for 4 days and that he was subject to pre-hearing property restriction for 28 days. Id.

Gomez seeks an order dismissing the disciplinary case and removing it from his record. He seeks restoration of his time earning classification and restoration of time that he was unable

to earn because of his demotion. He also seeks compensation for the atypical conditions to which he has been subjected.

## II. Analysis

Courts have recognized that "'[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply.'" Broussard v. Johnson, 253 F.3d 874, 876 (5th Cir. 2001) quoting Wolff v. McDonnell, 94 S. Ct. 2963, 2975 (1974). A disciplinary officer's decision will be upheld if there is some evidence to support his finding, and in most cases he is not obligated under the Constitution to consider all of the evidence that a prisoner might want him to consider. Hudson v. Johnson, 242 F.3d 534, 536 (5th Cir. 2001); see also Wilson v. Greetan, 571 F. Supp. 2d 948, 956 (W.D. Wis. 2007), citing Sandin v. Conner, 115 S. Ct. 2293 (1995). An inmate's due process rights are implicated only when the disciplinary measures taken against him inflict deprivations that are atypical and significant in relation to the ordinary incidents of prison life. Sandin, 115 S. Ct. at 2300.

Gomez complains that there was insufficient evidence to convict him because the accusing officer did not feel personally threatened by Gomez. If the charging officer gave some probative evidence connecting Gomez to the alleged threat, this would be sufficient to uphold a finding of guilt. See Hudson v. Johnson, 242 F.3d at 536-37. On the other hand, a prison disciplinary

hearing officer cannot make such a determination based solely on unreliable evidence such as an unnamed informant. See Broussard v. Johnson, 253 F.3d 874, 876-77 (5th Cir. 2001). Although there may be an issue as to whether Gomez has asserted a challenge regarding the lack of evidence, his claim is subject to dismissal because he has failed to show that the punishments imposed are actionable.

Gomez lists five punishments in his Habeas Petition: a temporary loss of commissary, property, and visitation privileges; and a demotion in custody classification and time-earning status (Docket Entry No. 1 at 5). The commissary and property restrictions imposed on Gomez are merely changes in the conditions of his confinement that do not implicate due process concerns. Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997). They are not considered "the type of atypical, significant deprivation" that would be actionable. Id. See also Malchi v. Thaler, 211 F.3d 953, 958 (5th Cir. 2000); Pichardo v. Kinker, 73 F.3d 612, 612-13 (5th Cir. 1996). Nor is Gomez's complaint regarding loss of visitation privileges actionable. See Kentucky Dept. of Corrections v. Thompson, 109 S. Ct. 1904, 1908-09 (1989) (holding that an inmate's interest in visitation does not rise to a liberty interest protected under the Due Process Clause); Berry v. Brady, 192 F.3d 504, 508 (5th Cir. 1999) (prison officials may exercise their discretion with regard to inmates' visitation privileges).

Gomez's demotion in classification, which under certain circumstances might reduce his ability to earn time credits in the

-4-

future, is not actionable because the demotion does not have a definite and clear impact on the length of his prison confinement. Malchi, 211 F.3d at 957. Gomez was convicted of aggravated robbery, which bars him from using good-time credits to obtain an early release from prison. See TEX. GOV'T CODE Ann. § 508.149(12) (Vernon 2013). Therefore, he could not assert an actionable claim even if he forfeited good time as a result of the proceeding. Orellana v. Kyle, 65 F.3d 29, 31-32 (5th Cir. 1995) ("[I]t is difficult to see that any other deprivations in the prison context, short of those that clearly impinge on the duration of confinement, will henceforth qualify for constitutional 'liberty' status.").

Gomez's complaint about being held in PHD before the hearing is not actionable because no due process interest is implicated by such confinement without a hearing. Tilmon v. Prator, 368 F.3d 521 (5th Cir. 2004). His complaint about being relegated to medium custody has no legal basis. An inmate does not have a liberty interest in his custodial classification, and he may be assigned to whatever housing is deemed appropriate for the needs of the institution as long as the conditions do not impose an atypical and significant hardship on him in relation to the ordinary incidents of prison life. Hernandez v. Velasquez, 522 F.3d 556, 562 (5th Cir. 2008). Placement in a more restrictive custody classification, by itself, is not a basis for a constitutional claim because it is a part of ordinary prison life. Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998).

Finally, Gomez's request for compensation has no legal basis because such relief is not available in a habeas proceeding. Preiser v. Rodriquez, 93 S. Ct. 1827, 1838 (1973). Gomez cannot seek such relief because he fails to present any legal argument showing that he has been wrongly disciplined by the TDCJ hearing officer. See Orange v. Ellis, 348 F. App'x 69, 72 (5th Cir. 2009), citing Edwards v. Balisok, 117 S. Ct. 1584 (1997).

Federal courts are authorized to dismiss federal habeas petitions without ordering a response where it plainly appears that the petitioner is not entitled to relief. 28 U.S.C. § 2243; Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. Gomez's Habeas Petition will be dismissed because it lacks an arguable basis in law. See McDonald v. Johnson, 139 F.3d 1056, 1060 (5th Cir. 1998); Newby v. Johnson, 81 F.3d 567, 568-69 (5th Cir. 1996).

### III. Certificate of Appealability

A Certificate of Appealability will not be issued unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 120 S. Ct. 1595, 1603-04 (2000). Stated differently, the petitioner

"must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. at 1604; Beazley v. Johnson, 242 F.3d 248, 263 (5th Cir. 2001). A district court may deny a Certificate of Appealability, sua sponte, without requiring further briefing or argument. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). The court has determined that Gomez has not made a substantial showing that reasonable jurists would find the court's ruling to be debatable. Therefore, a Certificate of Appealability from this decision will not be issued if Gomez were to file an appeal.

## IV. Conclusion

The court **ORDERS** the following:

1. The Petition for a Writ of Habeas Corpus By a Person in State Custody (Docket Entry No. 1) is **DISMISSED with prejudice**.

2. A Certificate of Appealability is **DENIED**.

3. The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the petitioner and a copy of the Habeas Petition and this Order to the respondent and the attorney general by sending one copy of each to the Attorney General of the State of Texas.

**SIGNED** at Houston, Texas, on this 8th day of October, 2014.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE